1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NEIL CORROW,

11          Petitioner,                        No. CIV S-05-1517 GEB DAD P

12      vs.

13   BUREAU OF PRISONS,

14          Respondent.                        ORDER

15   _____/

16          Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

17   2241.  In his petition, petitioner challenges a parole release plan which would require him to

18   reside in a halfway house away from the Los Angeles area.  Petitioner argues that such restriction

19   on his place of residence would subject him to cruel and unusual punishment.  Petitioner also

20   contends that the Bureau of Prison has disregarded his medical needs, that parole agents have

21   engaged in misconduct and that he is being subjected to retaliation.

22          On December 27, 2005, petitioner filed a document styled, "Memorandum in

23   Support of Habeas Corpus, Order For Immediate Release From Imprisonment And Judicial

24   Review Of Administrative Record."  Although petitioner's arguments set forth in that document

25   are confusing and disjointed, it appears that his custody status may have changed since his

26   /////

                                                1

1   petition was filed and that petitioner is now arguing that his incarceration is based on an allegedly

2   "void judgment." (Mem. at 2.)

3          Because it is not clear whether petitioner was released on parole and subsequently

4   re-incarcerated, whether the parole release plan he refers to in his petition was rescinded, or

5   whether some other events have brought about a change in petitioner's custody status, the court

6   will order petitioner to file a response.  Petitioner must clarify whether he is still seeking to

7   challenge the location of his required residence under a parole release plan.  Petitioner is also

8   advised that this action concerns only the claims raised in his habeas petition.  If petitioner seeks

9   to challenge a criminal judgment of conviction or a parole revocation which occurred after his

10  petition in this case was filed, he must file a new habeas action to challenge those convictions or

11  judgments.

12          In addition, petitioner has not filed an in forma pauperis affidavit or paid the

13  required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the

14  opportunity to either submit the appropriate affidavit in support of a request to proceed in forma

15  pauperis or submit the appropriate filing fee.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Within thirty days from the date of this order, petitioner shall file a response to

18  this order which clarifies his current custody status, the dates and locations of his residences

19  following his release, the dates and circumstances of any term of incarceration or criminal

20  judgments following the filing of his habeas petition, and whether he intends to continue his

21  challenge of the parole release plan;

22          2.  Petitioner shall submit, within thirty days from the date of this order, an

23  affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

24          3.  The Clerk of the Court is directed to send petitioner a copy of the in forma

25  pauperis form used by this district; and

26  /////

1          4.  Petitioner's failure to comply with this order will result in the dismissal of this

2  action.

3  DATED: March 30, 2006.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   corr1517.ord

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26